# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAND O'LAKES, INC., | Case No. 1:18-cv-00460-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ENTERING JUDGMENT FOR PLAINTIFF |
| v. | |
| TRIPLE V. DAIRY, et al., | (ECF No. 17) |
| Defendants. | |

Land O'Lakes, Inc. ("Plaintiff") filed this diversity action pursuant to 28 U.S.C. § 1332 against Triple V Dairy, David G. Valadao, Terra Valadao, Edward G. Valadao, Jr.; and April Valadao (collectively "Defendants"). Currently before the Court is Plaintiff's unopposed motion for summary judgment.

**I.**

**BACKGROUND**

This action arises out of a March 2011 credit application submitted by Triple V Dairy to Calva Products, LLC ("Calva"), a subsidiary of Plaintiff, to purchase milk replacer products. The credit agreement included the personal guaranty that if Triple V Dairy defaulted, Jose Dimas Valadao, David G. Valadao, and Edward G. Valadao, Jr, would pay upon demand.

On April 3, 2018, Plaintiff filed this action alleging that, as of April 1, 2018, Triple V Dairy owed $688,825.57 in unpaid invoices and interest of $103,810.79, plus finance charges

accruing at the rate of $342.65 per day. (ECF No. 1.) Plaintiff brought the action against Defendant Triple V Dairy for action for the price and breach of contract; against Defendants David G. Valadao and Edward G. Valadao for enforcement of guaranty; and against Defendants David G. Valadao, Terra Valadao, Edward G. Valadao, Jr. and April Valadao for vicarious liability seeking monetary damages. (Id.) Defendants filed an answer on April 30, 2018. (ECF No. 9.) On May 7, 2018, and May 9, 2018, Plaintiff and Defendants consented to the jurisdiction of the United States magistrate judge. (ECF Nos. 10, 11.) On May 10, 2018, this action was reassigned to the undersigned for all purposes. (ECF No. 12.)

On August 2, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 17.) Defendants did not file an opposition to the motion.

## II.

## SUMMARY JUDGMENT LEGAL STANDARD

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. . .." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations,

or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## III.

## UNDISPUTED FACTS

1. Plaintiff is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota. (Aff. of Jonathan C. Miesen in Supp. of Pl.'s Mot. for Summ. J. ("Miesen Aff.") ¶ 2.) Under 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the State of Minnesota.

2. Defendant Triple V Dairy is a California general partnership. (Compl. ¶ 2, ECF No. 2; Answer ¶ 2, ECF No. 9.)

3. Triple V Dairy's general partners are Jose Dimas Valadao, Mary Jane Valadao, and Defendants David G. Valadao, Terra Valadao, Edward G. Valadao, Jr. and April Valadao (collectively "the Individual Defendants"). (Compl. ¶ 3; Answer ¶ 3; Miesen Aff. ¶¶ 5, 6 and Exs. B and C.)

4. All of the general partners of Defendant Triple V Dairy are citizens of the State of California. (Compl. ¶¶ 2; Answer ¶ 2.) Because all of its partners are citizens of the State of California, Defendant Triple V Dairy is also a citizen of the State of California. (Compl. ¶ 2;

3

Answer ¶ 2.)

5. All of the Individual Defendants are citizens of the State of California. (Compl. ¶¶ 3-6; Answer ¶¶ 3-6.)

6. The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00. (Aff. of Laurence Williams in Supp. of Pl.'s Mot. for Summ. J. ("Williams Aff.") ¶ 11 and Exs. B and C.)

7. Calva Products, LLC ("Calva") is a subsidiary of Plaintiff. Calva's sole member is Plaintiff. (Williams Aff. ¶ 2.)

8. Calva is engaged in the business of producing and distributing animal milk replacer products. (Williams Aff. ¶ 3.)

9. Defendant Triple V Dairy owns and operates a calf ranch in or near Tulare, California. (Williams Aff. ¶ 4; Compl. ¶ 13; Answer ¶ 13.)

10. In March 2011, Defendant Triple V Dairy submitted an Application for Credit ("Credit Application") to Calva to purchase milk-replacer products on credit. (Williams Aff. ¶ 5 and Ex. A; Compl. ¶ 14 and Ex. A; Answer ¶ 14.)

11. Under the terms of the Credit Application, Defendant Triple V Dairy agreed to pay all of Calva's invoices within thirty days after receipt. Defendant Triple V Dairy further agreed to pay finance charges on any past-due amounts at the rate of 18% per year. (Williams Aff. Ex. A; Compl. ¶ 14 and Ex. A; Answer ¶ 14.)

12. The Credit Agreement also included a personal guaranty, which provided: "If [Defendant Triple V Dairy] defaults in payment on this account according to its terms, I (we) jointly and severally, personally, absolutely and unconditionally guarantee payment of the unpaid balance thereof on demand." Jose Dimas Valadao and Defendants David G. Valadao and Edward G. Valadao, Jr. each signed the Credit Agreement and agreed to be bound by the personal guaranty. (Williams Aff. ¶ 7 and Ex. A.)

13. Defendant Triple V Dairy ordered and received milk-replacer products from Calva pursuant to the Credit Application. (Williams Aff. ¶ 8; Compl. ¶ 16; Answer ¶ 16.)

14. Defendant Triple V Dairy failed to pay for certain milk-replacer products that it

4

purchased from Calva from February through September 2017 ("the Products"). (Williams Aff. ¶¶ 9.)

15. Defendant Triple V Dairy received and accepted the Products. (Williams Aff. ¶¶ 9, 12 and Exs. B and C; Compl. ¶ 16; Answer ¶ 16.)

16. Defendant Triple V Dairy did not return or request to return any of the Products to Calva. (Williams Aff. ¶ 12.)

17. Instead, Defendant Triple V Dairy fed the Products to its calves. (Williams Aff. ¶ 12.)

18. The net, unpaid purchase price due for the Products is $688,825.57. (Williams Aff. ¶ 11 and Exs. B and C.)

19. As of July 1, 2018, the balance due under the invoices for the Products had accrued finance charges in the amount of $134,992.01. Finance charges have accrued since July 1, 2018 and will continue to accrue in the future, at the rate of $342.65 per day. (Williams Aff. ¶ 13 and Ex. D.)

20. The Individual Defendants were all general partners of Defendant Triple V Dairy at the time the Products were ordered, purchased, received and accepted by Defendant Triple V Dairy. (Miesen Aff. ¶¶ 5, 6 and Exs. B and C.)

21. Calva repeatedly demanded Defendant Triple V Dairy and the Individual Defendants to pay the account debt for the Products. Despite these requests, Triple V Dairy and the Individual Defendants failed to pay the account debt. (Williams Aff. ¶ 14.)

22. On January 18, 2018, Calva executed and delivered to Plaintiff an Assignment under which it assigned and transferred to Plaintiff all of its right, title and interest in and to all contracts and agreements of any type between Calva, on the one hand, and Defendant Triple V Dairy and its partners, on the other hand, including the Credit Application and personal guaranty. Calva also assigned to Plaintiff all debts and obligations owed to Calva by Defendant Triple V Dairy and its partners and all claims and causes of action that Calva may have against Defendant Triple V Dairy and its partners. (Miesen Aff. ¶ 4 and Ex. A.)

23. On March 28, 2018, Jose Dimas Valadao and his wife, Mary Jane Valadao, filed a

1 | Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of California. As a result, Plaintiff's ability to pursue claims against and recovery from Jose Dimas Valadao and Mary Jane Valadao have been stayed under 11 U.S.C. § 362. (Compl. ¶ 23; Answer ¶ 23.)

24. Plaintiff repeatedly demanded Defendant Triple V Dairy and the Individual Defendants to pay the account debt for the Products. Despite these requests, Defendant Triple V Dairy and the Individual Defendants failed to pay the account debt. (Miesen Aff. ¶ 7.)

## IV.

## ANALYSIS

Plaintiff contends that there is no dispute that Defendant Triple V Dairy ordered and accepted the Product, and fed the Product to their calves. Plaintiff argues that the amount due is not disputed nor is the fact that Calva assigned its claims against Triple V Dairy to Plaintiff. Plaintiff asks for judgment to be entered against Defendant Triple V Dairy in the amount of $823,817.58 plus finance charges at the rate of $342.65 per day from July 1, 2018 to the date of entry of judgment.[1] Further, Plaintiff states that Defendants David Valadao and Edward Valadao signed as guarantor and are personally liable for the amount due. Finally, Plaintiff contends that Defendant Triple V Dairy is a general partnership and all partners are jointly and severally liable for the obligations of the partnership.

### A. Jurisdiction

First, the Court considers whether it has jurisdiction in this matter. Plaintiffs bring the action under 28 U.S.C. § 1332(a). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete

---

[1] The Court notes that Plaintiff presents evidence that Triple V Dairy had a receiver appointed in the California Superior Court on March 28, 2018. (Stipulation and Order for Appointment of Receiver and Preliminary Injunction, ECF No. 17-3 at 5-16.) "As to liability for demands arising before the appointment, the mere fact that one is a receiver will not render the receiver a necessary party; he or she may be a proper party." 75 C.J.S. Receivers § 410; U.S. Fid. & Guar. Co. v. Vicars, 10 F.2d 474, 476 (9th Cir. 1926) ("it seems to be well settled that in order to show that a corporation in the hands of a receiver has no capacity to sue or be sued it must appear that some statutory provision expressly so declares or that an injunction or restraining order so provides in addition to the appointment of a receiver"). Here, the Court has reviewed the order appointing the receiver and finds no language that would indicate that the receiver would be a necessary party in this action.

1 diversity of citizenship and the presence "of a single plaintiff from the same State as a single
2 defendant deprives the district court of original diversity jurisdiction over the entire action."
3 Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

4     Plaintiff is a corporation registered in Minnesota with its principle place of business in
5 Arden Hills, Minnesota. (Compl. ¶ 1.) A corporation is deemed to be a citizen of any State by
6 which it has been incorporated and of the State where it has its principal place of business.
7 Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)).
8 Therefore, Plaintiff is a citizen of Minnesota.

9     Defendant Triple V Dairy is a California general partnership. (Compl. ¶ 2.) The
10 citizenship of a partnership is determined by the citizenship of the individual partners. Carden v.
11 Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Johnson v. Columbia Properties Anchorage, LP,
12 437 F.3d 894, 899 (9th Cir. 2006). The partners of Defendant Triple V Dairy; Jose Dimas
13 Valadao, Mary Jane Valadao, David G. Valadao, Terra Valadao, Edward G. Valadao, Jr., and
14 April Valadao; are all citizens of California. (Compl. ¶¶ 2-6.) Therefore, Triple V Dairy and the
15 individual defendants are all citizens of California.

16     As Plaintiff is a citizen of Minnesota and Defendants are citizens of California, complete
17 diversity of citizenship between the parties exists in this action.

18     Plaintiff is seeking $688,825.57 in unpaid invoices and $103,810.79 in finance charges.
19 (Compl. ¶¶ 18, 19.) The amount in controversy meets the jurisdictional requirement and the
20 Court has jurisdiction over this action.

21     **B.    Action on the Price Claim Against Triple V Dairy**

22     Plaintiff moves for summary judgment on the action for the price claim against
23 Defendant Triple V Dairy. When a federal court sits in diversity, it must apply the forum state's
24 substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Cuprite Mine Partners LLC v.
25 Anderson, 809 F.3d 548, 554 (9th Cir. 2015); Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d
26 1080, 1090 (9th Cir. 2001). Accordingly, California law governs Plaintiff's claims in this action.
27 In this action, Plaintiff is seeking to recover a debt owed under a credit agreement.

28     Plaintiff moves for recovery of the purchase price under the Uniform Commercial Code

against Defendant Triple V Dairy. "Goods" are defined as all things "which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities [] and things in action." Cal. Com. Code § 2105(1). The Products are goods. "An action for the price, is codified at California Commercial Code Sections 2709(1) and 2607(1)." Exp. Dev. Canada v. E.S.E. Elecs., No. CV1602967BRORAOX, 2017 WL 3868795, at *12 (C.D. Cal. Sept. 5, 2017). Section 2607 provides that a buyer must pay at the contract rate for any goods accepted. Cal. Com. Code § 2607(1). Section 2709 provides that when the buyer fails to pay the price as it becomes due the seller may recover, together with incidental damages, the price. Cal. Com. Code § 2709(1). Plaintiff does not set forth or address the elements to prove a claim for action on the price, but argues that there is no dispute that the Products were ordered and received nor is there a dispute regarding the amount due.

To prevail on a claim for trade contract price (as adopted by Commercial Code section 2709), the seller must prove "(1) the acceptance of the goods by the buyer, (2) the price of the goods accepted, (3) the past due date of the price, and (4) the failure of the buyer to pay." Exp. Dev. Canada, 2017 WL 3868795, at *12 (quoting Zhongshan Hengfu Furniture Co., Ltd. v. Home Accents All., Inc., No. ED–CV–14–00038–VAP–DTBX, 2014 WL 12561625, at *4 (C.D. Cal. Oct. 20, 2014)). As relevant here, "[a]cceptance of goods occurs when the buyer . . . [f]ails to make an effective rejection . . . but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them[.]" Cal. Com. Code § 2606(1)(b).

Plaintiff has presented evidence that the Products were ordered, received, accepted and not rejected by Triple V Dairy. Mr. Williams, Director of Sales for Calva, submitted a declaration stating that Triple V Dairy ordered and received milk-replacer products from Calva pursuant to the Credit Application. (Williams Decl. ¶ 8.) The Products were delivered to Triple V Dairy's calf ranch in Tulare, California. (Id. at ¶ 10.) The Products were not returned, nor did Triple V Dairy request to return any of the Products. (Id. at ¶ 12.) Plaintiff has included copies of the invoices showing the dates that the orders were placed and shipped, as well as the shipping invoices and packing slips which contain a signature showing the Products were received. (ECF No 17-4 at 9-101.) The invoices show the price for the Products that were ordered and the total

due for each shipment. Plaintiff has produced unrefuted evidence that from February 7, 2017 through September 6, 2017, Triple V Dairy ordered, received, and accepted the Products. (Id.)

The invoices show that Triple V Dairy ordered products totaling $694,819.57. (Summary of Finance Charges, ECF No. 17-4 at 102-103.) Only one payment of $5,994.00 was received. (Id. at 102.) Payment for the Products was due thirty days from receipt of the invoices. (ECF No. 17-4 at 6.) The date of the most recent invoice was September 7, 2017. (ECF No. 17-4 at 100.) Plaintiff has demonstrated that Triple V Dairy owes $688,825.57 for Products that have been received and accepted and for which payment has not been received.

Plaintiff has met its burden of demonstrating that there are no genuine issues of material fact and Plaintiff's motion for summary judgment against Defendant Triple V Dairy on the action for the price claim is granted.

**C. Guaranty Claim Against Defendants David G. Valadao and Edward G. Valadao, Jr.**

Plaintiff requests that the Court grant judgment against Defendants David G. Valadao and Edward G. Valadao, Jr. on the claim that they personally guaranteed to pay if Triple V Dairy defaulted on the credit agreement. "A guarantor makes a direct promise to perform the principal's obligation in the event the principal fails to perform." BP W. Coast Prod., LLC v. Crossroad Petroleum, Inc., No. 12-CV-665 JLS (JLB), 2018 WL 264120, at *6 (S.D. Cal. Jan. 2, 2018) (quoting United States ex rel. Hajoca Corp. v. Aeroplate Corp., No. 12-cv-1287-AWI-BAM, 2013 WL 3729692, at *5 (E.D. Cal. July 12, 2013)); see Cal. Civ. Code § 2787 ("a guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor."). To prevail on the guaranty claim, Plaintiff must prove that: "1) there is a valid guaranty, 2) the borrower has defaulted, and 3) the guarantor failed to perform under the guaranty." BP W. Coast Prod., LLC, 2018 WL 264120, at *6 (quoting Grayl CPB, LLC v. Kolokotronis, 202 Cal.App.4th 480, 486 (2011)).

1.  Whether there is a valid guaranty

Plaintiff does not address whether the guaranty was valid. California law requires that the guaranty obligation must be in writing and signed by the guarantor. Cal. Civ. Code § 2793.

1  Under California law, a valid contract generally requires mutual consent of the parties and "a sufficient cause or consideration." See Cal. Civ. Code §§ 1550, 1565. Consideration is [a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor." Cal Civ. Code § 1605. Here, there is consideration because Triple V Dairy obtained a benefit, the ability to receive the Products for their calves without paying at the time of delivery and Plaintiff agreed to sell Triple V Dairy the Products and receive payment at a later date. Consideration is "sufficient to support a contract if it is either beneficial to the promisor or detrimental to the promisee and the surrendering or foregoing of a legal right constitutes a sufficient consideration for a contract if the minds of the parties meet on the relinquishment of the right as a consideration." City of Los Angeles v. Anchor Cas. Co. ("Anchor Cas. Co."), 204 Cal.App.2d 175, 181 (1962).

For purposes of the guaranty, "consideration for a contract is equally valuable whether it move[s] to the other party or a third party. Consideration does not have to move to the promisor." Anchor Cas. Co., 204 Cal.App.2d at 181–82 (citations omitted). "Where a suretyship obligation is entered into at the same time with the original obligation, or with the acceptance of the latter by the creditor, and forms with that obligation a part of the consideration to him, no other consideration need exist." Cal. Civ. Code § 2792.

In March 2011, Triple V Dairy submitted an application for credit to Calva. (ECF No. 17-4 at 5-6.) As relevant here, the application states:

> I (We) agree to pay any obligations due in accordance with the terms established by your company which are set forth on the reverse side of this application and made a part hereof. I (We) agree herewith to pay reasonable attorney's fees, court costs and interest in the event it becomes necessary to institute legal action to collect the amount owed, or any portion thereof. If the above-named entity defaults in payment of this account according to its terms, I (we) jointly and severally, personally, absolutely and nonconditionally guarantee payment of the unpaid balance thereof on demand.

(Id. at 5.) The agreement is signed by Dimas Valadao, David Valadao, and Eddie Valadao. (Id.) The Court finds that the guaranty here is valid.

2. <u>Whether the borrower has defaulted</u>

As discussed at section IV.B, Plaintiff has presented undisputed evidence to prove that Triple V Dairy did not pay for the Products that were ordered and received under the terms of the Credit Agreement. The credit terms state that payment is due thirty days from receipt of invoice. (ECF No. 17-4 at 6.) It is undisputed that Triple V Dairy received Products from February 7, 2017 through September 6, 2017, without paying the invoices. Calva has requested that the debt be paid without the debt being satisfied. (Williams Aff. ¶ 14.) Triple V Dairy has defaulted on the agreement.

3. <u>Whether the guarantor has failed to perform</u>

Calva has repeated requested that the Valadaos pay Triple V Dairy's account debt for the products, but the Valadaos have not paid the debt. Plaintiff has proved that Defendant David G. Valadao and Edward G. Valadao, Jr. have failed to perform as guaranteed in the Credit Agreement.

4. <u>Conclusion</u>

Plaintiff has met its burden of demonstrating that there are no genuine issues of material fact that David G. Valadao and Edward G. Valadao agreed to guaranty the credit of Triple V Dairy and have failed to perform pursuant to the agreement. Plaintiff's motion for summary judgment against David G. Valadao and Edward G. Valadao on the guaranty claim is granted.

**D. Liability of General Partners**

Finally, Plaintiff seeks for the Court to find that David G. Valadao, Terra Valadao, Edward G. Valadao, Jr., and April Valadao, as the general partners of Triple V Dairy, are jointly and severally liable for the obligations of the partnership. Section 16306 of the California Corporations Code provides that "all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." Cal. Corp. Code § 16306(a). "All partners are jointly and severally liable for everything chargeable to the partnership, and the partners are jointly liable for all other debts and obligations." <u>Kadota Fig Ass'n of Producers v. Case-Swayne Co.</u>, 73 Cal.App.2d 796, 801 (1946); <u>see also</u> <u>J & J Sports Prods., Inc. v. Flores</u>, 913 F.Supp.2d 950, 956 n.1 (E.D. Cal. 2012) (Under California law,

general partners are jointly and severally liable for the obligations of the partnership).

Plaintiff has presented evidence that David G. Valadao, Terra Valadao, Edward G. Valadao, Jr., and April Valadao are general partners of Triple V Dairy. Specifically, the defendants admitted as much in the answer to the complaint, (Compl. ¶ 3; Answer ¶ 3), and on the stipulation filed in the State Court for appointment of a receiver, (ECF No. 17-3 at 5-9). As such they are jointly and severally liable for Triple V Dairy's obligation to pay the invoices for the Products. Cal. Corp. Code § 16306(a). Plaintiff's request to find David G. Valadao, Terra Valadao, Edward G. Valadao, Jr., and April Valadao jointly and severally liable for Triple V Dairy's debt is granted.

### E. Damages

As discussed above, Triple V Dairy owes Plaintiff $688,825.57 for Products. Pursuant to the agreement of the parties, Defendants agreed to pay finance charges at the annual percentage rate of 18 percent until payment is received in full. (ECF No. 17-4 at 6.) As of July 1, 2018, the balance due under the invoices for the Products had accrued finance charges in the amount of $134,992.01, and have continued to accrue at the rate of $342.65 per day. (Williams Aff. ¶ 13 and Ex. D.) Interest of $29,125.25 has accrued from July 1, 2018 through the date of this decision.[2] Accordingly, the Court awards damages of $852,942.83 in this matter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] 85 days at $342.65 per day.

## V.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's unopposed motion for summary judgment is GRANTED; and
2. The Clerk of the Court is DIRECTED to enter judgment for Plaintiff Land O'Lakes and against Defendants Triple V Dairy, David G. Valadao, Terra Valadao, Edward G. Valadao, Jr., and April Valadao in the amount of 852,942.83.

IT IS SO ORDERED.

Dated: __September 26, 2018__

UNITED STATES MAGISTRATE JUDGE